NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-943

COMMONWEALTH

vs.

CLEAVEN A. GORDON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the District Court, the defendant, Cleaven A. Gordon, was convicted of wanton destruction of property over $1,200, and assault and battery of his girlfriend (victim).[1] On appeal, he contends that the evidence at trial was insufficient to prove that the value of the property wantonly destroyed was over $1,200. We agree and thus the conviction of wanton destruction of property over $1,200 is reversed, and a finding of guilty of the lesser included offense of wanton destruction of property under $1,200 shall enter.

---

[1] The defendant was found not guilty of strangulation, assault and battery on a family or household member, and assault and battery of another housemate.

At trial the Commonwealth presented evidence that the defendant and the victim had been dating for some months and lived together. On May 31, 2021, a physical altercation occurred during which the defendant struck the victim and "smashed" an urn containing the victim's mother's ashes. There is no dispute that the Commonwealth did not introduce any evidence of the value of the destroyed urn. The defendant thus claims that the conviction of wanton destruction of property over $1,200 cannot stand.

We apply the familiar Latimore test to determine "whether, after viewing the evidence in the light most favorable to the [Commonwealth], any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (emphasis and citation omitted). Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). "If, from the evidence, conflicting inferences are possible, it is for the [fact finder] to determine where the truth lies, for the weight and credibility of the evidence is wholly within [its] province." Commonwealth v. Lao, 443 Mass. 770, 779 (2005), S.C., 450 Mass. 215 (2007) and 460 Mass. 12 (2011). See Commonwealth v. Nelson, 370 Mass. 192, 203 (1976) (evidence need not require jury to draw inference; sufficient that evidence permits inference to be drawn).

A conviction for wanton destruction of property requires proof that the defendant destroyed the personal property of another, did so wantonly, and the value of the damage inflicted was greater than $1,200.  G. L. c. 266, § 127.  In the present case, the Commonwealth concedes that the trial record contains no evidence regarding the value of the urn.  "Because the Commonwealth introduced no evidence to that effect, it failed to prove an essential element of the . . . crime of [wanton] destruction of property over $[1,200], under G. L. c. 266, § 127."  Commonwealth v. Kirker, 441 Mass. 226, 229 (2004).  See Commonwealth v. Faherty, 57 Mass. App. Ct. 150, 150-153 (2003) (wanton destruction of property under $250 is lesser included offense of wanton destruction of property over $250).[2]

Accordingly, the judgment of conviction of assault and battery is affirmed.[3]  The judgment of conviction of wanton destruction of property over $1,200 is reversed, the verdict is set aside, and the case is remanded to the District Court, where

_____

[2] The defendant also argues that his trial counsel rendered ineffective assistance by failing to file a motion for a required finding of not guilty.  Where we agree that the evidence was insufficient to prove that the value of the destroyed property was over $1,200, we need not address this alternative claim of error.

[3] The defendant makes no specific argument as to why the evidence of assault and battery failed to satisfy the Latimore standard.  In any event, the evidence was more than sufficient to survive a motion for required finding of not guilty.

a finding of guilty of the lesser included offense of wanton destruction of property under $1,200 shall enter.

<u>So ordered</u>.

By the Court (Neyman, Brennan & Toone, JJ.[4]),

Assistant Clerk

Entered:  May 3, 2024.

---

[4] The panelists are listed in order of seniority.